**FILED**

FEB 13 2012

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES E. BURNS, | No. C 11-04442 EJD (PR) |
| Plaintiff, | ORDER OF DISMISSAL |
| vs. | |
| ELIZABETH A. RING, et al., | |
| Defendants. | |

Plaintiff, a detainee at the Solano County Justice Center Detention Facility, has filed a pro se civil rights complaint under 42 U.S.C. § 1983, against Elizabeth A. Ring of the Solano County District Attorney's Office. Plaintiff's motion for leave to proceed in forma pauperis, (Docket No. 2), will be granted in a separate order.

**BACKGROUND**

Plaintiff contends Defendant Ring as "sent copies of [Plaintiff's] personal banking information out to someone without [his] permission, which includes [his] bank account number." (Compl. at 3.) Plaintiff seeks injunctive relief, in that he wants the District Attorney's office to "remove Miss King from [his] case and that she not have access to any of [his] files." (Id.)

///

///

Order of Dismissal
G:\PRO-SE\SJ.EJD\CR.11\04442Burns_dism.wpd            1

# DISCUSSION

A. <u>Standard of Review</u>

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. <u>Id</u>. at 1915A(b)(1),(2).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged deprivation was committed by a person acting under the color of state law. <u>West v. Atkins</u>, 487 U.S. 42, 48 (1988).

B. <u>Legal Claims</u>

From the fact that Plaintiff is currently being held at a detention center and he makes allegations against a deputy district attorney whom he wishes to be removed from his case, it appears that Plaintiff is currently involved in ongoing criminal proceedings.

Under principles of comity and federalism, a federal court should not interfere with ongoing state criminal proceedings by granting injunctive or declaratory relief absent extraordinary circumstances. See <u>Younger v. Harris</u>, 401 U.S. 37, 43-54 (1971); <u>Samuels v. Mackell</u>, 401 U.S. 66, 68-74 (1971). <u>Younger</u> abstention is required when: (1) state proceedings, judicial in nature, are pending; (2) the state proceedings involve important state interests; and (3) the state proceedings afford adequate opportunity to raise the constitutional issue. See <u>Middlesex County Ethics Comm. v. Garden State Bar Ass'n</u>, 457 U.S. 423, 432 (1982). All three elements must be present. <u>Agriesti v. MGM Grand Hotels, Inc.</u>, 53 F.3d 1000, 1001 (9th Cir. 1995) (abstention improper where arrest and issuance of citation were executive acts not judicial in nature, and only potential for future state judicial proceedings existed).

The state proceedings must be pending, not merely available, and plaintiffs must

1 | be seeking relief that would interfere in some manner with the state court litigation. See
2 | Green v. City of Tucson, 255 F.3d 1086, 1094 (9th Cir. 2001). In order to avoid
3 | Younger, the federal plaintiffs must show that they are procedurally barred from raising
4 | the federal claims in the state action. See Dubinka v. Judges of the Superior Court, 23
5 | F.3d 218, 224 (9th Cir. 1994) (citing Moore v. Sims, 442 U.S. 415 (1979)); see also
6 | Lebbos v. Judges of Superior Court, 883 F.2d 810, 815 (9th Cir. 1989). Where a district
7 | court finds Younger abstention appropriate as to a request for declaratory or injunctive
8 | relief, the court may not retain jurisdiction and must dismiss the action. See Juidice v.
9 | Vail, 430 U.S. 327, 348 (1977); Columbia Basin Apartment Ass'n v. City of Pasco, 268
10 | F.3d 791, 799-801 (9th Cir. 2001); Beltran v. California, 871 F.2d 777, 782 (9th Cir.
11 | 1988).

In this case, Younger abstention is required because (1) Plaintiff is currently being detained pending state criminal proceedings, (2) criminal prosecutions is an important state interest; and (3) Plaintiff may raise the issues against Defendant Ring's behavior in state court. See Middlesex, 457 U.S. at 432. Furthermore, the relief Plaintiff seeks, *i.e.*, removal of the prosecutor, would necessarily interfere in the state court litigation. See City of Tucson, 255 F.3d at 1094. Lastly, unless Plaintiff can show that Defendant Ring's actions were beyond her role as a deputy district attorney, she has absolute immunity from liability under 42 U.S.C. § 1983 for her conduct in pursuing a criminal prosecution.[1] Even so, the Court cannot grant the injunctive relief Plaintiff seeks absent extraordinary circumstances. Plaintiff has not established that he falls into any exception to the Younger abstention doctrine. Accordingly, this complaint must be dismissed. See

---

[1] A state prosecuting attorney enjoys absolute immunity from liability under 42 U.S.C. § 1983 for his conduct in "pursuing a criminal prosecution" insofar as he acts within his role as an "advocate for the State" and his actions are "intimately associated with the judicial phase of the criminal process." Imbler v. Pachtman, 424 U.S. 409, 430-31 (1976). But prosecutors are entitled only to qualified immunity when they perform investigatory or administrative functions, or are essentially functioning as police officers or detectives. Buckley v. Fitzsimmons, 509 U.S. 259, 273 (1993).

1 | Juidice, 430 U.S. at 348.

## CONCLUSION

For the foregoing reasons Plaintiff's claims are DISMISSED without prejudice to reasserting them if a cause of action ever accrues.

The Clerk shall close the file.

DATED: 2/8/12

EDWARD J. DAVILA
United States District Judge

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

CHARLES E. BURNS,

       Plaintiff,

v.

ELIZABETH A RING, et al.,

       Defendants.
_____/

Case Number: CV11-04442 EJD

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on __2/10/12__, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Charles E. Burns 223658
Solano County Justice Center Detention Facility
500 Union Avenue
Fairfield, CA 94533

Dated: __2/10/12__

Richard W. Wieking, Clerk
By: Elizabeth Garcia, Deputy Clerk